et al. Appeal Number 20-1681. Attorney Davila Diaz, please go ahead and introduce yourself on the record again and proceed with your argument. Yes. Good morning, mate. Please support. My name is Juan Davila Diaz. I'm the attorney for the appellant in this case. The court has granted us ten minutes for our argument. I would like to save three minutes for rebuttal.  Three minutes. Yes, you may. Thank you. As you know, this case is about foreclosure and collection of monies. The district court granted someone a judgment. In doing so, they requested defendants to submit a proposed judgment. So they did, and the district court signed it as they submitted it. We think that the district court got it wrong in this case, and we brought before this court two issues. The first one is a jurisdictional issue, based on the forum selection clause. If we look at the loan contract together with the mortgage note and together with the pledge of the contract, we're going to see that the parties submitted themselves to the jurisdiction of the General Court of Justice of Puerto Rico. If you look at page 119 of the appendix, you're going to see that, first of all, the parties agreed for the contract to be interpreted by the laws of Puerto Rico. And then in the same page, paragraph 10, the parties submit themselves to the jurisdiction of Puerto Rico. If we look at that together with the mortgage note, the parties state that they expressly submit to the jurisdiction of the courts of San Juan, Puerto Rico, in order for any judicial claims under the contract, by reason of the amount of the subject matter jurisdiction, we think that's an equivocal language of the parties submitting themselves to the jurisdiction of Puerto Rico, not to the federal court. This is not permissive language. Actually, while preparing for this case, I found a case from the circuit that says that when a party agrees in a forum selection clause, that they will submit their dispute to a specific forum, they do so to the exclusion of all other forums. That is Summit Packaging versus Kenyon case, 273, 9, 13, 2001. So we believe that the agreement— Is that cited in your briefs? No, no, sir. Then you should send us a very short letter with that citation in it. Will do. So we believe that based on all those together, the loan contract, the pledge, the mortgage note, the parties just agree to or contracted to litigate this case before the Puerto Rico courts, not the federal courts. I think there's no doubt that the clause is mandatory. It is not permissive. And there's no doubt that it falls within the scope of litigation. Counsel, the district court looked at that. I mean, we've all seen this language before. It's classic consent language. There's nothing in that language that is mandatory in the sense that jurisdiction will only be appropriate in the Commonwealth Court. I mean, it just doesn't read that way. And the district court, that's what the district court said. I just don't see the error in the district court's reasoning at all. There was another case within the same parties where the district court, different judge, evaluated the same one and decided differently, which I cited in my brief. But the summit case, the word expressly submits is the key here because they are expressly submitting themselves to the jurisdiction of the courts of San Juan, Puerto Rico, the state courts. And this is what I believe is the mandatory one. Well, in summit, in summit, didn't the parties actually agree that they would submit their dispute to a particular forum as opposed to agreeing that there was jurisdiction in that forum? Yeah, well, they say in some ways it's the same that they will submit. They use the same wording, I believe, as states in the contract documents before the court. Now, this is our first argument. My second argument was regarding the issues of fact that we brought before the district court. And the most important of them all, I believe that the alleged debt is not liquid. Okay? There is a controversy on the alleged amount of the debt. And based on that, because my client made some payments in the excess of $200,000 before Bautista-Cayman acquired the contract. So that's an issue of fact regarding the liquidity of the alleged debt. And if it's not certain the amount of debt and it's not determined, I believe this is an issue of fact that prevented the district court from the determination that X amount of money was owed to Bautista-Cayman. That's my argument. Thank you. If there are no questions, you've reserved three minutes. Yes. Thank you, Mr. Davila. If you could please mute your device at this time, audio and video. And Attorney Velas-Rivero, if you could go ahead and introduce yourself on the record and begin. Yes, thank you. Good morning again, Your Honors. May it please the court, Carolina Velas-Rivero on behalf of Appellee Bautista-Cayman Asset Company. We submit that Appellant's argument before this court and in their brief failed to provide adequate reasons for this court to reverse the order and judgment that was correctly entered by the district court. First, as to the order denying the dismissal of the complaint for improper venue and form, in their brief and in their argument, they have failed to distinguish the case law that the district court considered and which was cited by the district court. In fact, in their brief, they never mentioned the opinion and order that was entered by the district court. We submit that the order is correctly supported, not only by the clear language of the loan agreement, which is the controlling document in this case, but also by other applicable case law, which we did cite in our brief. Second, with regards to the judgment entered by the district court, granting Bautista's motion for summary judgment, Appellant... Before you get to that, are you familiar with that summit packaging case that your opponent cited? I am not, Your Honor. We've given them the ability to file a letter afterwards, giving the site, although they did say it was 273F39. You will have the opportunity to respond to that letter when you file it. Yes, Your Honor. Thank you. But we are familiar with the Erickson case, with the Redondo case, and other cases that the district court relied on in issuing their determination. Second, again, with regards to the judgment entered by the district court with regards to my client's motion for summary judgment, Appellants ignore and continue to ignore in their arguments their own judicial admissions. Many of the things they are trying to challenge or contest on appeal were admitted by Appellants in the answer to complaint. And they also ignore the ample record and evidence submitted by my client in the complaint and in the motion for summary judgment. For these reasons, and as I will go into further detail, we submit that the court should affirm both determinations. If I might, just as a matter of curiosity, I have not explored the record on this. This decision, this judgment of the district court is written as if there was no effort to generate any material, any genuine issues of material fact. It just sets forth its conclusions without any acknowledgment that there may be any disputes. Was there an attempt to generate genuine issues of material fact and the court just didn't think they merited any acknowledgement in this decision? Or was there no attempt to do that except now on appeal to assert that they're present? I'm just curious what the state of the record was. The decision is a little odd in that sense. It's just so straightforward to suggest there was no attempt to generate any dispute. Yes. Well, Your Honor, our position is that there was no genuine attempt to generate a material, genuine issue. In essence, their opposition was four pages and a half long. It did not include any evidence or sworn statement whatsoever. It was based on mere allegations and inferences that had no support in the record. And what they did in the district court is what they're attempting to do again here on appeal. So back to my argument on the forum selection clause. Again, the court considered the loan agreement as the controlling document. Brother counsel mentioned other language in other documents. The court, in its opinion, denying the dismissal of the complaint did consider these other documents, but said the controlling document is a loan agreement. This is what sets forth the terms and conditions and the obligations between the parties. We need not look at these other accessory documents that are not really the main document, which is the loan agreement. And the court relied on the Erickson case and the Redondo case, which we did cite on our brief. And it stated this is clearly permissive language. There is no inclusion in the language of any words that could be considered mandatory, shall, exclusive, irrevocably. All these words that the case law has developed as key words that would make a form selection clause mandatory. Again, the controlling document is a loan agreement and the court correctly determined that the same was permissive. I do I do want to clarify that brother counsel mentioned a case. This is Bucana. He did include a footnote in his brief asking the court to take judicial notice. He did not attach a copy of the of the opinion, but I was involved in this case in that case as well. That case is clearly distinguishable. In that case, the loan agreement did not have a form selection clause. So the court looked at other documents and dismissed for other reasons. As to the motion for summary judgment, again, there's they have failed to proffer any genuine dispute as to any material fact. Appellants admitted to most of the things they're challenging now. They admitted that the. Loan was executed, that the mortgage note was endorsed in favor of my client, that the mortgage encumbers the property that that we are seeking to foreclose. They admitted all these things in the answer to complain. Yet they sought to contest them and challenge them in the motion for summary judgments. If I may, I will address these these attempted challenges one by one. The first is that we have no standing to file a complaint before this court because we didn't provide evidence of the agreement between my client and the FDIC. When the FDIC became receiver of Doral Bank, after the bank became insolvent and it was closed, we submitted with the motion for summary judgment and with the complaint endorsed mortgage and promissory notes, which clearly give us standing to file a complaint in court requesting collection of monies and foreclosure of mortgage. They did not contest any of those documents. In fact, they admitted to those documents in the answer to complain. As to the second allegation regarding the validity of the mortgage, they make a reference that the mortgage is not signed, stamped, but they are referring to the simple copy of the mortgage that was submitted with a motion for summary judgment. The notarial act that they reference in their papers relate to the original mortgage deed that requires that the original mortgage deed be signed, stamped, and rubricated. We submitted a simple copy of the mortgage deed, which submitted an updated title study, which evidences that the mortgage that is in my client's favor encumbers the property that we are seeking to foreclose. There is no controversy about this. Again, it was part of their judicial admissions in their answer to complain. Third, they allege that the property is not identifiable. This, despite the fact, again, that the property was listed in the complaint and it was one of the allegations that they admitted to, we again submitted title studies. There is no evidence in the record that the property that we're seeking to foreclose somehow is not identifiable. And fourth and last, which is the only argument that Brother Counsel set forth in his argument, is that the amounts are not liquid and they're not due and payable. Again, we submitted with our motion for summary judgment a sworn statement, evidencing that the amounts were liquid, due, and payable. And he makes an allegation regarding certain amounts that were paid to Doral Bank, which is the bank that became insolvent and from which we acquired the loan. Yet those allegations were part of a counterclaim that Brother Counsel filed with the court that was dismissed due to their failure to comply with the administrative procedures under FIRREA. Yet he did not appeal that determination. So we submit that there's no reason why he should be appealing a determination that is firm and final with regards to the FIRREA and Doral Bank issues, and that his brief fails to, again, as he did in the district court, address any evidence in the contrary that would imply or show that the district court erred in any way in entering the order and summary judgment. He does not identify any finding of fact that is not supported by the evidence, and the arguments include generalized assertions as they did in the district court. So we submit that both the order and the judgment should be affirmed, and we rest on our briefs. Thank you, Counsel. Thank you. Attorney Velez-Rivero, if you could mute. Thank you. And, Attorney Davila, please reintroduce yourself on the record. Yes. Juan Davila Diaz. It is incredible for me to hear that Sister Counsel says that we did not oppose at all the summary judgment state. We make reference to page 400 to 410 from the appendix where we submitted evidence of the payments that were made along with a sworn statement. She stated that there was no sworn statements on the record. There is one. And now they're trying to posit that since they acquired this contract from the DIC, whatever we paid before that gets erased and there's a new contract. I posit differently. They acquire the loan as it was at the moment that they acquired it with our payments in excess of $200,000. That doesn't get erased from the record. That's the first one. The other one they're trying to make to say that the controlling document is the loan agreement only. Well, the loan agreement has many exhibits to it which are part of it. And those exhibits also talk about the form selection clause. It's not the loan agreement only. The loan agreement is the less specific clause regarding the form selection. But if you look at the other ones, as I pointed out in my brief, they're going to be expressed in their body's interest to submit themselves to the Puerto Rico court. And the other case that she mentioned that she was part of it, the instance court based its decision on the promissory notes, not on the contract loan. In the promissory note that expressed, and it says, if a judicial claim is necessary, we submit ourselves expressly to the competency of the state courts of the city of San Juan, Puerto Rico. Same as the mortgage notes in this case. And I rest on my brief. Thank you, counsel. That concludes argument in this case. Attorney DeVilla and Attorney Velez, you should disconnect from the hearing at this time.